**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Martha M. Smith,**

    **Plaintiff,**

**-V-**　　　　　　　　　　　　　　　　　　　　　Case No. 2:05cv0690
　　　　　　　　　　　　　　　　　　　　　　　　JUDGE SMITH
　　　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge King

**Ed Haning, et al.,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff in this action asserts under 42 U.S.C. § 1983 and state law arising from an attack by a police dog. Defendants moves to dismiss plaintiff's Fourteenth Amendment claim on the basis of res judicata. For the reasons that follow the Court denies defendants' motion to dismiss.

### I.  Facts

### A.  Background

Plaintiff Martha M. Smith is an individual citizen of the State of Ohio. Defendant the City of Circleville is a political subdivision of the State of Ohio. Defendant Wayne Gray is Circleville's chief of police. Defendant Ed Haning is a Circleville police officer. Haning, under Gray's direction, was in charge of Arko, the Cicleville Police Department police dog.

On July 5, 2003, Circleville Police Officer Tony Haupt was on patrol with Haning and Arko.

1

Haupt saw William McIntyre, a well-known petty thief, standing in front of a bar. Haupt knew that McIntyre was on probation and that one of the terms of probation was that McIntyre was prohibited from entering bars. Haupt approached McCintyre and noticed that his eyes were bloodshot and that he smelled of alcohol. McItyre admitted that he had consumed a few beers.

Haupt told McIntyre that he was going to arrest him. At that point, McIntyre took a step back from the police officers. Haupt and Haning told McIntyre not to flee or they would release Arko. Failing to heed the officers' warning, McIntyre fled. Once again, the police officers warned McIntyre that they would release Arko unless he stopped. When McIntyre failed to do so, the officers released Arko from the police cruiser to pursue him.

With Arko in pursuit, McIntyre entered the back door of a bar where plaintiff Smith was a patron. The officers ordered Arko to return to the cruiser but the dog did not obey their order. Instead, Arko entered the bar and bit Smith while she was dancing.

### B. Procedural history

Plaintiff initially filed this action in the Pickaway County, Ohio Court of Common Pleas. Plaintiff asserted claims under state law as well as one claim under the Fourth Amendment to the United States Constitution. Defendants removed the action to this Court, and the case was drawn by Judge Gregory L. Frost.

Defendants moved to dismiss plaintiff's Fourth Amendment claim. In opposing the motion to dismiss, plaintiff referred to a Fourteenth Amendment due process claim that she had not yet pleaded. In her memorandum contra, plaintiff averred, "[i]f plaintiff has not stated a claim under the Fourth Amendment, she can amend her claim to include one under the Fourteenth Amendment."

Judge Frost granted defendants' motion to dismiss, dismissed plaintiff's Fourth Amendment claim, and remanded the action to state court.

After the case was remanded to state court, plaintiff amended her complaint to add a claim under the Fourteenth Amendment.  Defendants again removed the action to this Court, and the case was drawn by the undersigned Judge.  Defendant now moves to dismiss plaintiff's Fourteenth Amendment claim on the basis of res judicata, arguing that plaintif should have presented the claim when the action was before Judge Frost.

## II.  Motion to Dismiss

A motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  All well-pleaded allegation must be taken as true and be construed most favorably toward the non-movant.  Schuer v. Rhodes, 416 U.S. 232, 236 (1974).  A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.  Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983).  The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.  Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  See Rauch v. Day & Night Mfg. Corp., 576 F.2d 857, 858 (6th Cir. 1976).  Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, Federal Practice and

Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (emphasis in original, quotes omitted).

> "[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

Id.

### III. Discussion

Defendants seek dismissal of plaintiff's Fourteenth Amendment claim under the doctrine of res judicata.

Under res judicata, also referred to as claim preclusion, a final judgment on the merits of an action precludes the parties and their privies from relitigating claims that were or could have been raised. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Res judicata has four elements:

1. A final decision on the merits in the first action by a court of competent jurisdiction;
2. the second action involves the same parties, and their privies, as the first;
3. the second action raises an issue actually litigated or which should have been litigated in the first action; and

4.	there is an identity of the causes of action.

Sanders Confectionery Products, Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir. 1992), cert. denied, 113 S. Ct. 1046 (1993).

Here, the current action is the same one that defendants initially removed and that was pending before Judge Frost. Res judicata does not apply because there is no "second action." Furthermore, plaintiff arguably sought leave to amend her complaint, and presented the substance of her Fourteenth Amendment claim in her memorandum contra. Judge Frost did not address plaintiff's request. Thus, to the extent there were separate actions, plaintiff did, in fact, fairly present her Fourteenth Amendment claim in the prior action. For this additional reason, res judicata is inapplicable. Motion denied.

## IV. Disposition

Based on the above, the Court **DENIES** defendants' motion to dismiss (Doc. 2).

The Court also **DENIES** defendants' motion to reassign this case to Judge Frost (Doc. 4).

The Clerk shall remove Doc. 2 and Doc. 4 from the Court's pending motions list.

**IT IS SO ORDERED.**

           **/s/ George C. Smith**
           **GEORGE C. SMITH, JUDGE**
           **UNITED STATES DISTRICT COURT**